PORTABLE MACHINERY CO., INC., Plaintiff, *v.* FRANK W. KRAKAWKA and Another, Defendants.

County Court, Jefferson County, July 24, 1931.

——————, for the plaintiff.

——————, for the defendants.

KIMBALL, J.   This action was commenced by the plaintiff against the defendants as copartners, doing business under the firm name of Great Bend Bakery, at Great Bend, N. Y.   The action is one for goods sold and delivered on or about the 25th day of January, 1930, for the alleged agreed price and reasonable value of $201.53. The defendants' answer sets up as an affirmative defense that the defendants paid for said goods prior to the commencement of the action.

Trial of the action was commenced on the 19th day of March, 1931, at a regular term of the County Court of Jefferson county before a jury.   A small amount of evidence was taken and it appeared that there would probably be no question of fact in the case.   It was, therefore, stipulated by the parties through their respective attorneys that the jury be waived and that the case be submitted to the court for decision.   Thereafter, certain facts were stipulated and Exhibits 1 to 22, inclusive, being correspondence between the parties, were received in evidence. The facts are briefly and substantially as follows:

In November, 1929, the defendants purchased of the plaintiff a certain freight type conveyor equipped with an electric motor and two one ton Yale spur gear chain blocks, together with two trolleys, two bales and a belt, at the agreed price of $925, f. o. b., Clifton, N. J.   The terms of the sale were two per cent in ten days and net in thirty days.   The order was received by the plaintiff and was accepted by the plaintiff on November 13, 1929.   On the 15th of November, 1929, the defendants wrote to the plaintiff to the effect that in order to avoid any misunderstanding, the plaintiff was to furnish the Yale hoists with long enough chains so as to be able to lower the conveyor to the lower floor level. On the 18th of November, 1929, the plaintiff replied to the letter of November fifteenth to the effect that the Yale block would be furnished with sufficiently long lift chains to allow the conveyor to be placed on a lift truck on the first floor of the defendants' building.   There is no dispute as to the specifications in reference to the lift chains.   On December fourth the plaintiff notified defendants by letter that they were inclosing invoice and bill of lading covering the conveyor which was shipped on December second. The defendants took their two per cent discount, of $18.50, and on or about December 10, 1929, paid the plaintiff $906.50 in full. It is agreed and there is no dispute that the conveyor and chains were duly received at the Great Bend Bakery and there

installed. On January 9, 1930, the defendants notified plaintiff that the chains were not long enough to reach the bottom floor and the defendants asked the plaintiff to send the chains which they had purchased. It is agreed that the original chains which were shipped with the conveyor were not of sufficient length and did not meet the requirements of the contract. This fact was acknowledged by a letter from the plaintiff dated January 14, 1930, and the plaintiff suggested that the chain blocks be returned to have an extra lift added. The defendants on January 15, 1930, replied that it would be more convenient for them if the plaintiff sent the longer chains, and defendants stated that upon receipt of such chains they would return the chains which were on hand. On or about the 21st day of January, 1930, plaintiff shipped the longer chains and billed the defendants for $201.53, being the amount of the price of the chain blocks, amounting to $196.20 and $5.33 for express charges. On the bill was the following notation: " Credit will be issued to offset this charge as soon as block with short lift is returned." On March 10, 1930, the plaintiff wrote the defendants asking for a remittance covering the invoice of January twenty-fifth. On March twenty-fourth it again wrote the defendants asking for a remittance, and on March twenty-seventh the defendants replied to the plaintiff to the effect that they were returning the two short lift chain blocks, and saying that when they were received by the plaintiff that it would be in order to cancel the charge of $201.53. The short chain blocks were not returned by the defendants, although the plaintiff called attention to that fact on April twelfth and again on April twenty-first.

While the short chain blocks were still in the possession of the defendants at the Bakery at Great Bend, a fire occurred at the bakery building, destroying the building, and the chain blocks were likewise destroyed. On the 24th day of April, 1930, the defendants wrote the plaintiff, informing the plaintiff that the blocks had been ready for shipment but that they had not been taken to the freight house, and informed the plaintiff that the bakery had burned and that the blocks had been destroyed. There was some further correspondence between the parties, which is not very material to a decision in this case.

This action, as alleged in the plaintiff's complaint, is simply an action for the purchase price or the reasonable value of the second set of chain blocks, which were alleged to be sold about the 25th of January, 1930. The question of whether the defendants failed in any duty which they might have owed the plaintiff in taking care of the first set of chain blocks or in not returning them, is not here for decision. The sole question in the case is whether at

the time of the fire the second set of chain blocks had been paid for.

The plaintiff takes the position that there was a separate sale of the second set of chain blocks and that the defendants having received and accepted them, the sale was complete and that the title was in the defendants; that the defendants are liable for the purchase price of the second set of chain blocks because they did not return the first set, which was to offset the charge for the second set, nor pay for them.

The defendants, however, take the position that the first set of chain blocks was not according to contract and this, for the purpose of decision, may be taken as a fact. They say that they did not accept the first set of chain blocks in completion of the contract but that they notified the plaintiff and that the second set of chain blocks was delivered in fulfillment of the agreement and that when they paid the $906.50, that they paid for the second set of chain blocks, and that the plaintiff cannot again recover for the purchase price of the chain blocks which they agreed originally to deliver.

The defendants had the right to examine the goods for the purpose of ascertaining whether they were in conformity with the contract. (Pers. Prop. Law, § 128, added by Laws of 1911, chap. 571.) This they did. They found the chain blocks not in conformity with the contract and notified the plaintiff to that effect, demanding that blocks in conformity with the contract be delivered to them. Under the provisions of section 129 of the Personal Property Law (added by Laws of 1911, chap. 571), it cannot be maintained that the defendants accepted the first set of chain blocks in fulfillment of the contract.

The defendants were not bound to return the first set of chain blocks, having rightfully refused to accept them. (Pers. Prop. Law, § 131, added by Laws of 1911, chap. 571.) The defendants were bailees of the plaintiff in respect to the first set of chain blocks. The question of their liability as bailees is not here presented, the only question being whether the defendants had paid for the second set.

The defendants having rightfully refused to accept the first set, were entitled to have delivered to them a set which was specified in the contract. They had already paid for them. They had completed their part of the contract by payment of the purchase price. The plaintiff completed its part of the contract by delivery of the second set of chains.

It has been argued that the defendants were to receive credit for the first set when returned and that the second set was billed

to them as a separate sale. I do not think that the form of the billing can change the legal effect of the transaction. The defendants were entitled to the fulfillment of the contract. After rejection of the first set, the plaintiff permitted them to remain at defendants' plant until delivery of the proper set. I think the fact of payment by the defendants of the whole outfit is a defense to the cause of action in the complaint.

The motion of the defendants for a nonsuit and dismissal of the complaint herein is granted.

Judgment may be entered accordingly.